**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **MARY BREWER SULLIVAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | **No. 2:21-cv-02314-SHM-cgc** |
| **v.** ) | |
| ) | |
| **PROGRESSIVE CASUALTY** ) | |
| **INSURANCE CO.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ORDER**

This is an employment discrimination case. Plaintiff Mary Brewer Sullivan ("Sullivan") asserts claims against Progressive Casualty Insurance Co. ("Progressive") under the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d)(1), Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq., and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2, et seq. (ECF No. 22.) Before the Court are Defendant's Motion to Dismiss Plaintiff's First Amended Complaint in Part ("Motion to Dismiss") (ECF No. 23) and Defendant's Motion to Exclude Plaintiff's Sur-Reply to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint in Part ("Motion to Exclude")

(ECF. No. 30). The Motion to Exclude is GRANTED. The Motion to Dismiss is DENIED.

## I.   Background

Progressive employed Sullivan as a claims adjuster until her termination on February 21, 2020. (ECF No. 22 at ¶¶ 11, 12.) Sullivan filed an Initial Complaint against Progressive on May 17, 2021. (ECF No. 1.) The Initial Complaint alleges that Progressive paid Sullivan less than male claims adjusters who performed the same or similar work in violation of the EPA. (ECF No. 1 at ¶ 26.) Sullivan filed an Amended Complaint on December 9, 2021. (ECF No. 22.) In addition to the alleged EPA violation, the Amended Complaint alleges that Progressive discriminated and retaliated against Sullivan in violation of the ADA, ADEA, and Title VII. (ECF No. 22 at ¶¶ 45, 57-59.) The Amended Complaint also alleges that Sullivan filed her Equal Employment Opportunity Commission ("EEOC") charge of discrimination "within the requisite 300-day filing period." (ECF No. 22 at ¶ 5.)

Progressive has moved to dismiss Sullivan's ADA, ADEA, and Title VII claims for failure to exhaust administrative remedies. Progressive argues that Sullivan failed to file a timely charge of discrimination. The Motion to Dismiss includes a charge of discrimination form that Sullivan submitted to the Tennessee Human Rights Commission on March 4, 2021, more than 300 days after her termination. (ECF No. 23-2.) Sullivan has filed a

Response to Progressive's Motion to Dismiss. (ECF No. 27.) Progressive has filed a Reply. (ECF No. 28.) Sullivan has filed a Response in Opposition to Defendant's Reply. (ECF No. 29.) Progressive has filed the Motion to Exclude, which treats Sullivan's second Response as a sur-reply. (ECF No. 30.) Sullivan has filed a Response to the Motion to Exclude. (ECF No. 31.)

## II.  Jurisdiction

The Court has subject matter jurisdiction over EPA, ADA, ADEA, and Title VII claims under the general grant of federal question jurisdiction in 28 U.S.C. § 1331.

## III. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss for failure to state a claim, a court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in her favor. Golf Vill. N., LLC v. City of Powell, 14 F.4th 611, 617 (6th Cir. 2021) (citing Cahoo v. SAS Analytics, Inc., 912 F.3d 887, 897 (6th Cir. 2019)).

3

If a court decides, in light of its judicial experience and common sense, that the claim is not plausible, the case may be dismissed at the pleading stage. Iqbal, 556 U.S. at 679. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." Ass'n Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 555). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

## IV. Analysis

### A. Motion to Exclude

The Court construes the Motion to Exclude as a motion to strike. Granting or denying a motion to strike is within the sound discretion of the trial court. Seay v. Tenn. Valley Auth., 339 F.3d 454, 480 (6th Cir. 2003). The Federal Rules of Civil Procedure do not contemplate motions to strike documents other than pleadings. Fox v. Mich. State Police Dep't, 173 F. App'x 372, 375 (6th Cir. 2006); cf. Fed. R. Civ. P. 12(f) (providing that "[a] court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter"). "[T]rial courts make use of their inherent power to control their dockets . . . when determining whether to strike

4

documents or portions of documents [other than pleadings]." <u>Zep Inc. v. Midwest Motor Supply Co.</u>, 726 F. Supp. 2d 818, 822 (S.D. Ohio 2010) (citing <u>Anthony v. BTR Auto Sealing Sys.</u>, 339 F.3d 506, 516 (6th Cir. 2003)).

"District courts have broad discretion in interpreting, applying, and determining the requirements of their own local rules." <u>Pearce v. Chrysler Grp., L.L.C. Pension Plan</u>, 615 F. App'x 342, 349-50 (6th Cir. 2015) (citing <u>S.S. v. E. Ky. Univ.</u>, 532 F.3d 445, 451 (6th Cir. 2008)). "The district court does not have to accept every filing submitted by a party." <u>Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Grp., a Div. of Reed Elsevier Grp., PLC</u>, 463 F.3d 478, 488 (6th Cir. 2006). A court acts within its discretion when it strikes a filing for failure to comply with the local rules. <u>See</u> <u>Ordos City Hawtai Autobody Co. v. Dimond Rigging Co.</u>, 695 F. App'x 864, 870-72 (6th Cir. 2017) (affirming trial court's striking of response brief because of failure to comply with local rules); <u>Ross</u>, 463 F.3d at 488-89 (affirming trial court's striking of reply brief because party failed to request the necessary leave to file).

Sullivan's Response in Opposition to Defendant's Reply functions as a sur-reply. Under the Local Rules, a moving party may file a reply to a response to a motion to dismiss without the Court's leave. LR 12.1(c). Otherwise, "reply memoranda may be filed only upon court order granting a motion for leave to

reply. Such motion for leave must be filed within 7 days of service of the response." LR 7.2(c). Sullivan did not seek leave to file a sur-reply to Progressive's Reply. Her sur-reply is unauthorized. See Bey v. Terminix Int'l, L.P., No. 17-cv-02597, 2018 WL 3552348, at *4 (W.D. Tenn. July 24, 2018) (striking plaintiff's filing in response to defendant's motion to dismiss because the "document is in fact a sur-reply filed to Defendant's Partial Motion to Dismiss" and noting that "Local Rule 12.1 does not authorize the filing of a sur-reply to a motion to dismiss, and Plaintiff has not obtained leave of court to do so"). The Motion to Excluded is GRANTED.

**B.  Motion to Dismiss**

In its Motion to Dismiss, Progressive argues that Sullivan did not file a timely charge of discrimination and therefore did not exhaust her administrative remedies. In her first Response, Sullivan argues that she timely exhausted administrative remedies when she filed an EEOC intake questionnaire on December 11, 2020.

Exhaustion of administrative remedies is an affirmative defense, on which a defendant bears the ultimate burden of proof. See Rembisz v. Lew, 590 F. App'x 501, 503 (6th Cir. 2014) (citing Surles v. Andison, 678 F.3d 452, 458 (6th Cir. 2012)). Although exhaustion issues are susceptible to resolution on a motion to dismiss if a plaintiff affirmatively pleads herself out of court,

see Jones v. Bock, 549 U.S. 199, 215 (2007), a plaintiff need not respond to a motion to dismiss with affirmative matter raising a triable issue of fact on an affirmative defense. Rembisz, 590 F. App'x at 504 (declining to apply notice receipt presumption and accepting allegations in plaintiff's complaint); see also Collier v. City of Memphis, No. 19-CV-2476-TMP, 2020 WL 5332974, at *2 (W.D. Tenn. Sept. 4, 2020) (accepting the date of termination alleged in plaintiff's complaint that defendant refuted with documents attached to its motion to dismiss).

The timely filing of a charge of discrimination is a condition precedent to suits brought under the ADA, ADEA, and Title VII. See 42 U.S.C. § 12117(a); 29 U.S.C. § 626(d); 42 U.S.C. § 2000e-5(e)(1). If the alleged discriminatory act occurs in a "deferral state," plaintiff must file a charge within 300 days of the act. See Turner v. City of Memphis, No. 2:17-CV-2447-SHM-DKV, 2018 WL 283752, at *1 (W.D. Tenn. Jan. 3, 2018). Tennessee is a "deferral state" for purposes of federal discrimination statutes. Tartt v. City of Clarksville, 149 F. App'x 456, 460 (6th Cir. 2005).

For an EEOC filing to constitute a charge under the ADA or Title VII, the filing must (1) be "verified" — i.e., submitted under oath or penalty of perjury, 29 C.F.R. § 1601.3(a); (2) contain information that is "sufficiently precise to identify the parties, and to describe generally the action or practices

7

complained of," 29 C.F.R. § 1601.12(b); and (3) suggest to an "objective observer" that the employee "requests the agency to activate its machinery and remedial processes," Williams v. CSX Transp. Co., 643 F.3d 502, 509 (6th Cir. 2011)(citing Fed. Exp. Corp. v. Holowecki, 552 U.S. 389, 402 (2008)). "A charge may be amended to cure technical defects or omissions, including failure to verify the charge . . . ." 29 C.F.R. § 1601.12(b). "Such amendments . . . relate back to the date the charge was first received." 29 C.F.R. § 1601.12(b).

For an EEOC filing to constitute a charge under the ADEA, the filing must 1) "be in writing and shall name the prospective respondent and shall generally allege the discriminatory act(s)," 29 C.F.R. § 1626.6; and 2) suggest to an "objective observer" that the employee "requests the agency to activate its machinery and remedial processes." Holowecki, 552 U.S. at 402. There is no verification requirement for ADEA charges. See Conner v. Memphis Publ'g Co., No. 04-2176-MA/P, 2008 WL 11318322, at *4 n.5 (W.D. Tenn. Mar. 31, 2008) (comparing Title VII, ADA, and ADEA verification requirements). "A charge may be amended to clarify or amplify allegations made therein." 29 C.F.R. § 1626.8(c) "Such amendments . . . relate back to the date the charge was first received." 29 C.F.R. § 1626.8(c).

Several courts have found that EEOC intake questionnaires and other, similar documents may constitute charges for purposes

8

of administrative exhaustion requirements. See Williams, 643 F.3d at 509-10 (finding that plaintiff's charge information form satisfied the Title VII exhaustion requirement); Stevens v. Concentrix Corp., No. 19-11530, 2019 WL 6728362, at *5-6 (E.D. Mich. Dec. 11, 2019) (finding that plaintiff's inquiry questionnaire satisfied Title VII and ADA exhaustion requirements); Harris-Bethea v. Babcock & Wilcox Tech. Servs. Y-12, LLC, No. 3:13-CV-669-TAV-HBG, 2015 WL 1458042, at *6-8 (E.D. Tenn. Mar. 30, 2015) (finding that plaintiff's intake questionnaire and response satisfied Title VII and ADA exhaustion requirements).

Progressive argues that the Court should grant the Motion to Dismiss because Sullivan did not include her intake questionnaire with her Response. That argument misconstrues the burden of proof on affirmative defenses. At the motion-to-dismiss stage, Sullivan was not obligated to provide evidence refuting Progressive's administrative exhaustion defense. See Rembisz, 590 F. App'x at 504; Collier, 2020 WL 5332974, at *2.

Progressive further argues that Sullivan's intake questionnaire did not meet the requirements for ADA, ADEA, or Title VII charges. Some courts have reached the issue of whether intake questionnaires constitute charges at the motion-to-dismiss stage. See Ratliff v. Speight Family Medical, 2:21-cv-02338-SHL-atc, at *5-9 (W.D. Tenn. Oct. 26, 2021); Harris-Bethea,

2015 WL 1458042, at *6-8. Those courts had the benefit of a record that contained both an intake questionnaire and a subsequent charge of discrimination form. See Ratliff, 2:21-cv-02338-SHL-atc, at ECF No. 27-2; Harris-Bethea, 2015 WL 1458042, at ECF No. 10-1. Determining whether an intake questionnaire constitutes a charge often requires courts to examine both documents. See Williams, 643 F.3d at 509-10; Stevens, 2019 WL 6728362, at *5-6; Harris-Bethea, 2015 WL 1458042, at *6-8. The record in this case does not contain Sullivan's intake questionnaire. Progressive's arguments about the deficiency of Sullivan's intake questionnaire are speculative. The Court cannot make an ultimate finding about whether the intake questionnaire constitutes a charge based on the current record.

Sullivan has satisfied her burden at the motion-to-dismiss stage. The Amended Complaint alleges that Sullivan filed a charge of discrimination within the requisite 300-day filing period. (ECF No. 22 at ¶ 5.) Sullivan's Response clarifies that she filed an EEOC intake questionnaire on December 11, 2020, within the 300-day filing period. Because intake questionnaires may constitute charges of discrimination, the Court cannot conclude that Sullivan's claims fail as a matter of law. The Motion to Dismiss is DENIED

**V.    Conclusion**

For the foregoing reasons the Motion to Exclude is GRANTED. The Motion to Dismiss is DENIED.

SO ORDERED this 28th day of April, 2022.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

11